## EDWIN TUCKER v. C. H. VANDERMARK AND D. P. KIRTLAND.

1. POSSESSION OF REAL ESTATE, *Under Unrecorded Deed.* A person in actual possession of real estate under an unrecorded deed, is, as against all persons who have actual notice of such deed, the legal and absolute owner of such real estate; and, as against all other persons, he is the equitable owner.

2. NOTICE OF EQUITABLE INTERESTS; *Possession.* All persons are bound to take notice of all equitable interests which any person may have in real estate, of which he is in the actual possession.

3. ATTACHMENT; *Legal Title; Equitable Title.* An attachment cannot be made to operate upon a merely legal title, as against the equitable owner of real estate, where the parties claiming under the attachment have, at the time the attachment is levied, or are bound by law to take notice of the paramount outstanding equitable title.

*Error from Greenwood District Court.*

EJECTMENT, brought by *Tucker* against *Vandermark* and *Kirtland.* Trial at May Term, 1877, of the district court, and findings and judgment for defendants. New trial refused, and *Tucker* brings the case here. The opinion contains a sufficient statement of the facts.

*Ruggles, Scott & Lynn,* for plaintiff in error:

The only question presented here by the plaintiff in error is, whether a prior unrecorded deed shall take precedence of a subsequent attachment, duly levied, without actual notice, or notice of any kind, unless the possession of the lands levied on imparts constructive notice.

It would seem that we might plant ourselves on the section of the statute—"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." (Gen. Stat. 1868, p. 187, § 21.)

If the above section means what it says, the deed is not valid, except as between the parties and such as have actual notice, till filed for record; then we claim that the attachment upon which the plaintiff's title is founded ought to prevail over the prior unrecorded deed of the defendants, as the court expressly finds lack of actual notice. A lien by attachment or by a judgment will hold against a prior unrecorded deed. 1 G. Greene (Iowa), 189; 2 G. Greene (Iowa), 39. We ask the court to compare the statute under which these decisions were made with § 21 above quoted. The statutes will be found to be identical. The most that can be claimed for the possession of the defendants is, that it was evidence of actual notice, but not conclusive. (22 Mo. 415; 25 Mo. 308; 47 Mo. 304; 49 Mo. 350, 458.) It seems to be evident that the legislature intended to make a change in the law by enacting the statute of 1868. The section of the statute in force till the revision of 1868, is as follows:

"No instrument affecting real estate is of any validity

against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the register of deeds." (Comp. Laws, p. 355, § 13.)

Now, for this court to hold that § 21 above quoted only applies to "subsequent purchasers for a valuable consideration," is in effect saying that said § 21, without the words "subsequent purchasers for a valuable consideration," means just the same as said § 13 of the Compiled Laws, with the words "subsequent purchasers for a valuable consideration." Possession and acts of ownership are not actual notice, but only implied notice; and as particularly pertinent in this connection, we desire to quote:

"But the proof required under the statute was of actual notice. Constructive or implied notice may be shown by a record authorized by law, by possession, by acts of ownership, and by other appropriate circumstances which may impart notoriety of interest in the estate; but actual notice can only be communicated by express information to, or personal service upon the party interested in the notice. There is no ambiguity in the language of the act. The law makers were not satisfied with the term 'notice' without qualification, which would render proof of notice by construction or implication admissible; but they have in their wisdom left no opening for such proof, as they have in express terms required a different and more direct kind of notice." 2 G. Greene (Iowa), p. 41; also, see *Jordan v. Pollock*, 14 Ga. 145.

Actual notice means notice in fact in contradistinction to legal notice. The former is always a question of fact for a jury, while the latter is a question of law for the court. In the former case a party can never be charged with notice of a thing that he never in fact knew. In the latter case the law charges him with notice of a thing that in truth he is or may be entirely ignorant of. The court in this case finds a possession of the premises by the defendant at the time of the levy of attachment alone, and as a conclusion of law decides this to be notice of the conveyance. Certainly, this is not actual notice, or notice in fact, but only legal or constructive notice.

The burden of proof being on the defendant as to notice,

the judgment of the court is not sustained by the findings of fact, unless the court had found as a fact that plaintiffs had actual notice. The farthest any case that we are aware of has gone on this question of actual notice, is to hold that possession is evidence tending to show actual notice, which ought to go to the jury for what it is worth, and not evidence conclusive of notice, *i. e.*, it is only a disputable presumption, not a conclusive one. Then, if the court sustain the judgment in this case, it will be driven to decide that a finding of evidence, instead of a finding of fact, is sufficient to support a judgment.

If the defendants rely on actual notice, it devolves on them to show it.

An order of attachment binds the property from the time of service. (Gen. Stat. 667, § 206.)

The deed being unrecorded, and there being no actual notice, and the statute declaring the deed to be of no validity, "except between the parties thereto and such as have actual notice," (Gen. Stat. 187, § 21,) it follows that the land stood in the same position at the date of the levy of the attachment as though no deed had been executed, and therefore the attachment lien was good, and entitled to priority.

*Clogston & Martin,* for defendants in error:

The plaintiff in error acquired by his attachment, judgment and sale, the same and no greater title than the judgment debtor had at the time of the levy of said attachment. See *Hibbard v. Weil,* 5 Neb. 41; 2 Ohio St. 13; 4 Keyes, 569; 3 Kernan, 180; 5 Ohio St. 211; 1 Ohio, 257; 11 Kas. 471; 15 id. 540; Drake on Attachment, § 223.

A title under an unrecorded deed will prevail over an attachment levy if deed be recorded before the sale is made under the attachment. See 14 Mo. 170; 20 Mo. 133; 39 Mo. 282; 43 Mo. 94; 44 Mo. 204; 49 Mo. 244.

Section 21 of General Statutes of 1868 is a transcript of the Missouri recording act. The above decisions have fully construed said act, and the Kansas legislature, in adopting said

section, adopted its construction. See, also, recording act of Iowa, construed, in 9 Iowa, 530, *reversing* decisions in 1 G. Greene (Iowa), 189; 2 id. 39.

A deed takes effect from its delivery, and not from recording. (8 Kas. 410; 9 Iowa, 530; 49 Mo. 244.) Possession of real estate is notice to all the world of some kind of title. (11 Wend. 464; 5 Neb. 157; 15 Kas. 150; 1 Neb. 134; 46 Barb. 211; 44 Barb. 512; 16 Ohio St. 443; 36 Cal. 268.)

Edwin Tucker, this plaintiff in error, was the cashier of the Eureka bank, and a member of said banking firm at the time of the attachment, levy, judgment and sale, and as such individual member of said firm, purchased said lands at the attachment sale, with full knowledge of all prior proceedings.

Judgment creditors, so far as the recording act is concerned, are interested only in the question, whether the lands have been, in fact, previously conveyed, and are not entitled to notice. (2 Kas. 236; 10 Kas. 85.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action of ejectment brought by Edwin Tucker, plaintiff in error and plaintiff below, against the defendants in error, defendants below, to recover the possession of the lands described in plaintiff's petition. The facts, as found by the court, are these:

That on the 25th of May, 1874, and long prior thereto, one H. C. Jackson was the owner in fee of the lands in controversy, and that on said 25th of May, said Jackson, for a good and valuable consideration, sold and conveyed by warranty deed the said lands to defendants in good faith; that on the 1st of July, 1874, the defendants entered upon and took actual possession of said lands, and have continued in possession ever since. On the 1st day of September, 1874, a writ of attachment was duly levied on said lands as the property of said Jackson, at the suit of the Eureka bank against said Jackson, in Greenwood county district court, which attachment remained in full force till the rendition of judgment in such action. On the 7th day of November, 1874, the said deed of Jackson to the defendants for said lands was duly recorded. On the 27th day of April, 1875,

the said Eureka bank duly obtained judgment in said suit in said district court against said Jackson for $446.70, and $61.80 costs, and said judgment was declared a lien on said lands theretofore attached in said action; and by the terms of such judgment said lands were ordered to be sold for the satisfaction thereof, as on execution; and on the 28th day of June, 1875, an execution was duly issued on said judgment, and by virtue thereof said lands were, on the 27th day of September, 1875, duly sold to the plaintiff for the sum of $620; and on the 16th day of October, 1875, said district court duly confirmed said sale; and on the 26th of October, 1875, the sheriff of Greenwood county, in due form of law, executed and delivered to said plaintiff a sheriff's deed, conveying to him all the right, title and interest of said Jackson in said lands, and that prior to the levying of said attachment upon said lands, the plaintiff had no actual notice of the deed of Jackson to defendants for said lands.

"The court found as conclusions of law, that the plaintiff was not, at the time of the commencement of this action, the owner of or entitled to the possession of said lands, and that the defendants were entitled to judgment for costs. And thereupon said court rendered judgment in favor of the defendants for costs; and immediately afterward, and on the same day, the said plaintiff moved to set aside the conclusions of law and for a new trial, which motion was by the court overruled, to which the plaintiff at the time duly excepted, and now brings the case here."

The only question involved in this case is the following: Where an order of attachment is levied on a certain piece of land, which the public records show belongs to the defendant in the attachment, but which in fact does not belong to him, but belongs to a third person who has the actual possession thereof, and holds the same in good faith and for a good, valuable, and sufficient consideration, under a prior but unrecorded deed, is the attachment a lien on such land as against said third person?

This question we think has already been substantially settled in the negative by prior decisions of this court. (See *Moore v. Reaves*, 15 Kas. 150; *Johnson v. Clark*, 18 Kas. 157; *School District v. Taylor*, 19 Kas. 287; *Greer v. Higgins*, 20 Kas. 420, 426; especially, the case of *School District v. Taylor*.)

As between the defendants in this case and Jackson, the defendant in the attachment, (and all others having actual notice of said deed,) the defendants in this case were the absolute owners of said land in every respect, both in law and in equity. But as between the defendants in this case and the plaintiff, who really represents the plaintiff in the attachment suit, the defendants in this case were probably only the equitable owners of the land — the legal title thereto still remaining in Jackson. But they were the absolute, unqualified, unconditional, equitable owners; and as they were in the actual possession of the property, the plaintiff, as well as all others, was bound to take notice of their equitable ownership. Of course, such possession, in order to require parties to take notice thereof, must also be open and visible; but from the record in this case, we must presume that it was open and visible, and not only as against Jackson and the parties claiming under the attachment, but also as against all other persons it was exclusive. Before the plaintiff in this case obtained any interest in said land — indeed, before any judgment was ever rendered in the attachment suit — the defendants in this case converted their said equitable title to said land into a legal title by having their deed from Jackson recorded.

We decide this case upon the theory that said deed from Jackson to the defendants in this case was void as against the plaintiff in this case, when considered separate and alone, and not in conjunction with the other facts; and that it cannot be considered as valid in any case against such persons as the plaintiff in this case, except where it as a simple contract, and the other facts of the case taken together, are sufficient to constitute an equitable title. An attachment cannot be made to operate upon a mere legal title as against the equitable owners of real estate, where the parties claiming under the attachment have at the time the attachment is levied or are bound by law to take notice of the paramount outstanding equitable title. As between the parties to this action, the levy of said attachment, and all proceedings founded thereon, must be considered as void.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.