EDWARDS *et al.* v. MONTGOMERY *et al.*

No., 511.   Opinion Filed July 12, 1910.

(110 Pac. 779.)

1.   **MORGAGES—Priorities—Possession as Notice.** In the absence of any record title, where a grantee to a tract of land enters into the open, actual, and exclusive possession thereof the same is sufficient to put a subsequent mortgagee of the grantor on inquiry as to his rights therein, and he takes his mortgage subject thereto.

2.   **MORTGAGES — Priorities—Record.** Where a mortgagee relies and acts upon the recitals of an abstract title of a tract of land, he does so at his peril.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Action between A. G. Edwards and others and W. N. Montgomery and another. From the judgment, Edwards and others bring error. Affirmed.

*F. L. Boynton,* for plaintiffs in error.
*D. K. Cunningham,* for defendants in error.
No briefs reached the reporter.

DUNN, C. J.   This case presents error from the district court of Kingfisher county, and there is presented by the record and briefs but one question for our consideration, which is, in the absence of any record title: Is the open, actual, and exclusive possession of a tract of land by a grantee sufficient to put a subsequent mortgagee upon inquiry as to possessor's rights on taking a mortgage from the grantor, and does such mortgagee take subject to the rights of such grantee? Answer to this question with a long and practically unbroken line of authorities from state and federal courts is found in 27 Cyc. p. 1187, as follows:

"Where at the time of the execution of a mortgage a person other than the mortgagor is in the actual possession of the mort-

gaged premises, such possession is sufficient to put the mortgagee upon inquiry as to the rights of the person in .possession, and he takes the mortgage subject to such rights."

In addition to the authorities cited under' note 37, attention is called to the following: *School Dist. No. 82 v. Taylor,* 19 Kan. 287;. *Tucker et al. v. Vandermark et al.,* 21 Kan. 263; *McKinzie v. Perrill et al.,* 15 Ohio St. 162; *Lestrade v. Barth,* 19 Cal. 660; *Morrison v. Kelly,* 22' Ill. 609, 74 Am. Dec. 169; *Garrett et al. v. Lyle,* 27 Ala. 586; *Simmons v. Church et al.,* 31 Iowa, 284; *Wickes v. Lake et al:,* 25 Wis. 71; *Boggs v. Anderson,* 50 Me. 161; *Helms v. May,* 29 Ga. 121.

Possession of property either personal' or real carries with it a presumption of ownership, and it is the duty of those purchasing or taking a mortgage on such property from others than those in possession to ascertain the extent of their claims, and the open, actual possession of real property gives notice to the world of just such interest as the possessor actually has therein. 22' Am. & Eng. Ency. Law, p. 1287, and cases cited under note 3. And while, as counsel for plaintiff in error contends, the recording acts are for the purpose of making records of the evidence of title to property, still a failure to observe them will not defeat the notice given by the possession. Referring to the rule under both the recording acts and at common law, Judge Trowbridge in his readings upon the provincial statute of Massachusetts Bay for registering deeds and conveyances published in 3 Mass. 573, quoted and cited approvingly by Chief Justice Tenney of the Supreme Court of Maine, in the case of *Boggs v. Anderson, supra,* says:

"If the bargainee, upon the execution of the deed, enters upon the land by force of it, and continues in possession, taking the profits thereof without recording his deed, there can be no purchaser of that land, without notice in the sense of law; because the law deems such entry and occupation sufficient evidence of the property. And the bargainor, having neither the real nor apparent right of possession or of property, is not capable of conveying the land, and a deed thereof to a third person, is by the common law, accounted fraudulent and void."

And for all such purposes a mortgage is considered a conveyance or deed.

Neither the statute relied upon (section 12, c. 16 [section 888] Wilson's Rev. & Ann. St. Okla. 1903), nor those sections of the statute relating to notice, militate against the rule above laid down.  Section 888 specifically refers to the recording of the instrument, and the notice therein referred to relates to the notice of such instrument, and not to the notice conveyed by possession of the land involved.  Stripped of its immaterial elements so far as they apply to the case at bar, the same reads as follows: No acknowledgment or recording shall be necessary to the validity of any mortgage, as between the parties thereto; but no mortgage shall be valid against third persons unless acknowledged and recorded as herein provided, except actual notice to such third persons shall be equivalent to due acknowledgment and recording.

The Kansas statute is for all practical purposes the same and reads as follows (section 21, Gen. St. 1868, p. 187):

"No such instrument in writing (including deeds of conveyance) shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

In *School District v. Taylor, supra,* which is a case very similar to the one at bar, discussing the attitude of a mortgagee who took the same under facts in some respects the same as in this case, the Supreme Court of Kansas said:

"But the plaintiff claims that he is an innocent and *bona fide* purchaser of his interest in said land.  He claims that he had no notice of the defendant's purchase of the land, or of the deed thereto, or of the defendant's possession or improvements. Now, if said section 21 is to govern in this case, and if such section is to be taken literally, then it makes no difference whether the plaintiff had any notice of said purchase, or said possession, or said improvements, or not.  He might have been a resident of the school district, and might have sent his children to school in said schoolhouse for years, and might have known all about said purchase, and said possession, and said improvements, and still, if he did not 'have actual notice' of said deed, the deed would be void as to him.  Under said section, the deed would be void as

to all persons 'except between the parties thereto, and such as have actual notice thereof,' without régard to how much said persons might know concerning the defendant's purchase of the property, or its possession thereof, or its improvements made thereon, or concerning any other facts or matters connected therewith which would not amount to 'actual notice' of the deed itself. Hence it will be seen that a claim of equities on the part of the plaintiff founded upon ignorance of the defendant's purchase or possession or improvements or any other facts except that of the existence of the deed itself, is outside of said section, and virtually an abandonment of said section. But, when it comes to comparing equities between the parties, those of the defendant are much the stronger. Not only are the equities of the defendant enhanced by its possession of the land in controversy, and by its expenditures of money in making lasting and valuable improvements thereon, but its equities are prior in time, and therefore prior in right. The defendant was in the possession of said land when the plaintiff's equities were created; and this possession was actual, open, visible, notorious, and exclusive. The plaintiff had to shut his eyes not to see it. If he had looked at the land, he must have known it. If he had inquired of any person in the neighborhood, any man, woman, or even child of school age, he must have been informed concerning it. But it seems he made no such inquiries. He did not inquire of any person concerning adverse claims or interests except of his own mortgagor. We therefore think he cannot claim to be an innocent and *bona fide* purchaser of his said mortgage interest. The defendant being in the actual, open, visible, notorious, and exclusive possession of said property, the plaintiff was bound, before purchasing his said mortgage interests, to inquire of the defendant or its agents concerning its interest in the property, and, failing to do so, he takes his mortgage interest in the property subject to all the equities of the defendant. Taking his mortgage interest under such circumstances, he is bound to know what equities the defendant holds in and to the property."

Nor would the fact that plaintiff in error secured an abstract of the property which showed the title to be clear and relied upon such abstract relieve him of notice conveyed by the possession of the defendant in error. The Supreme Court of Nebraska

in the case of *Rice v. Winters,* 45 Neb. 517, 63 N. W. 830, on this subject says:

"An intending purchaser or mortgagee of real estate relies and acts upon the recitals of an abstract made of the title to such real estate at his peril."

It therefore follows that no error was committed, and the judgment of the trial court is affirmed.

All the Justices concur.