### SWAN et al. v. O'BAR et al.

No. 7289—Opinion Filed July 24, 1917.

Rehearing Denied Sept. 18, 1917.

(167 Pac. 470.)

**1. Appeal and Error — Review—Equity Cases.**

In the case of purely equity cognizance this court will examine the entire record, weigh the evidence, and if the judgment is clearly against the weight of the evidence this court will reverse the case and render, or cause to be rendered, the judgment that the trial court should have rendered.

**2. Oil and Gas—Leases—Validity.**

Where a grantor who owns the land executes a gas and oil lease upon a certain tract of land and afterwards executes extensions of such lease, and subsequently executes to another an oil and gas lease upon the same land, such last-named lease cannot prevail against the former lease and its extensions, unless the lessee of the second lease had no knowledge of the former lease and its extensions, or had no such knowledge as would put him upon inquiry, and which, if followed up, would have disclosed the existence of such lease and its extensions.

**3. Same—Actions—Evidence—Sufficiency.**

The evidence in this case has been carefully weighed, and the weight thereof found to be clearly against the judgment rendered.

**4. Same—Injunction.**

Under the evidence in this case the plaintiffs were not entitled to the injunctional relief asked.

(Syllabus by Collier, C.)

Error from District Court, Wagoner County; Fred P. Branson, Judge.

Action by T. P. O'Bar and others against H. E. Swan and others. There was a judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Warren D. Abbott and Frederic A. Peek, for plaintiffs in error.

Blair & Brown, Bailey & Wyand, and Chas. A. Moon, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the defendants in error, hereinafter styled plaintiffs, against the plaintiffs in error, hereinafter called defendants, to remove clouds from the title to land designated in the petition, to wit, the S. W. ¼ and the N. W. ¼ of section 7, township 17 north, range 16 east. The undisputed evidence is that on the 15th day of February, 1913, the owner of the lands executed to H. E. Swan an oil and gas mining lease, which said lease was properly acknowledged and filed for record on the 24th day of February, 1913, and recorded in Record 95, at page 582, in the office of the register of deeds of Wagoner county, Okla. On August 30, 1913, the owner of said lands, with others, executed the following extension of said lease executed on February 15, 1913:

"We, the undersigned, in consideration of one dollar each to the other paid and received, and of the present operation of the well on S. W. ¼ of N. E. ¼, Sec. 6, Coweta Twp., Wagoner Co., Okla., we agree to extend and renew the oil leases on our respective farms made to H. E. Swan to Jan. 1, 1914, and waive all payments due or to become due to the date last mentioned."

To which said instrument was attached the following affidavit:

"State of Oklahoma, County of Wagoner —ss.: W. J. Thompson and Earl N. Swan, of legal age and residents of Oklahoma, being first duly sworn, on oath say: That the above and foregoing instrument of renewal and extension is true and original instrument and was signed by the parties whose names are attached thereto. We further also state that the above signatures of Catherine Hartman and Henry Hartman were in the renewal and extension of a lease made to H.

E. Swan and signed by Katherine Hartman and Henry Hartman, on September 3, 1912, and cover the W. ½ of N. E. ¼ of section 7, township 17 N., range 16 east, and that the signature of F. W. Graves and Ida Graves were in renewal and extension of a lease made to H. E. Swan on September 3, 1912, and covered the S. E. ¼ of section 13, township 18 north, range 16 east, and N. ½ of N. E. ¼ and S. E. ¼ of section 6, township 17 north, range 16 east, and that the signature of J. N. Angel was in renewal and extension of lease made to H. E. Swan and signed by J. N. Angel and Sarah Angel, on February 15, 1913, and covering the S. E. ¼ and N. W. ¼ of section 7, township 17 north, range 16 east and the signature of R. T. Maxwell was in renewal and extension of a lease made to H. E. Swan and signed by R. T. Maxwell and Matilda J. Maxwell, and dated September 3, 1912, and covering the W. ½ of N. W. ¼ and S. E. ¼ of N. W. ¼ of section 8, township 17 north, range 16 east, and that the signature of Mrs. M. M. Sanger was in renewal and extension of the lease made to H. E. Swan and signed by Marietta M. Saner and Chas. Saner and dated September 3, 1912, and covering the N. W. ¼ of section 6, township 17 north, range 16 east. All of the lands described in above-mentioned leases being located in Wagoner county, Okla.

"W. J. Thompson, Earl N. Swan"

—which said paper is duly recorded in the office of the register of deeds of Wagoner county. On November 13, 1913, J. N. Angel and Sarah Angel, husband and wife, executed a lease upon said S. W. ¼ and N. W. ¼ of section 7, township 17 north, range 16 east, I. M., the lands described in the petition, to T. P. O'Bar and A. O. Giger. Some time in November, 1914, said J. N. Angel and Sarah Angel, husband and wife, entered suit to cancel the said lease made to T. P. O'Bar and A. O. Giger upon the ground of fraud, in which said suit the said H. E. Swan was originally a party, but prior to the rendition of judgment was dismissed as a party, and upon trial of said cause issue was found in favor of the defendants in said suit upholding said lease. On the same day that said judgment was entered, April 22, 1914, the said Swan and the said Angels entered into a second stipulation, renewing the first lease and extending the drilling period, which said second extension is in the following words and figures:

"It is hereby stipulated and agreed by and between the plaintiffs J. N. Angel and Sarah. Angel and the defendant H. E. Swan that the plaintiffs J. N. Angel and Sarah Angel do hereby withdraw their petition and prayer for any relief against the defendant H. E. Swan for the cancellation of the oil and gas lease by the plaintiffs made the said defendant H. E. Swan, on February 15, 1913. and recorded in the office of the register of

deeds of Wagoner county, Okla., on February 24, 1913, in Record 95 at pages 582, and the extension and renewal thereof made by the plaintiffs to the said defendant H. E. Swan on August 30, 1913, and recorded in the office of the register of deeds of Wagoner county on December 10, 1913, in Record 105 at page 476.

"And it is further stipulated and agreed that the plaintiffs J. N. Angel and Sarah Angel do hereby waive their rights to claim a forfeiture of said oil and gas lease under the terms thereof by reason of the failure of the said defendant H. E. Swan to commence a well within six months from the date thereof, and the said plaintiffs, J. N. Angel and Sarah Angel, do hereby waive their rights to claim a forfeiture of said extension and renewal thereof by reason of the failure of the said defendant H. E. Swan to commence a well before January 1, 1914, and said plaintiffs do hereby waive their right to declare a forfeiture of said lease and extension thereof by reason of the failure of the defendant H. E. Swan to commence a well pending this action and for a period of 57 days next after the termination thereof.

"And it is further stipulated and agreed that in consideration of the foregoing, the said defendant H. E. Swan, his successors and assigns, hereby waive and surrender any and all claims or demands against the plaintiffs for damages by reason of the execution and delivery of a certain oil and gas lease to T. P. O'Bar dated November 3, 1913, and under certain oil and gas lease made by the plaintiffs to the said T. P. O'Bar and A. O. Giger of the same date."

The evidence is in conflict as to whether or not the plaintiffs knew or had such knowledge as to put them upon inquiry as to the execution of said extensions. Upon a hearing of the cause the court found all the issues in favor of the plaintiffs, and decreed that the temporary injunction heretofore granted herein in favor of the defendants and against the plaintiffs be dissolved; that the lease executed by the said J. N. Angel and his wife to the defendant H. E. Swan on February 15, 1913, and the extension thereof dated August 30, 1913, and the stipulation dated April 22, 1914, and the records thereof be set aside and held as naught as clouds upon the plaintiffs' title; that the title and possession of plaintiffs in the said premises be, and the same is hereby, forever settled and quieted in the plaintiffs as against all claims or demands by the said defendants, and those claiming under them, or any of them, and perpetually enjoining the defendants from claiming any right, title, interest, or estate in or to said premises by virtue of said lease, extension, or stipulation, or either of them, hostile or adverse to the possession and title of the plaintiffs herein, and from

commencing any suit to disturb the said plaintiffs in their possession and title to said premises, from setting up any claim or interest adverse to the title of the plaintiffs herein, and from disturbing the plaintiffs in their peaceable and quiet enjoyment of said described premises, and that the plaintiffs have possession of said premises. A motion was made for a new trial, which was overruled, excepted to, and to reverse the judgment rendered this appeal is prosecuted.

We are first met with a motion to dismiss the appeal upon grounds which, since the filing of the appeal in this case, have been held by this court to be untenable, and hence said motion is denied. The defendants assign the following errors:

(1) The court erred in finding as a fact that the defendants in error had no actual or constructive notice of the stipulation dated August 30, 1913, extendng the first lease in force until January 1, 1914.

(2) The court erred in holding that the first lease and the two stipulations extending the same were void because same were without consideration.

(3) The court erred in holding that the landowner intended to and did declare a forfeiture of the first lease by the execution of the second lease, and by his answer and cross-petition in suit No. 1907.

(4) The court erred in holding that the defendants in error were entitled to enforce their lease by means of an injunction which is a species of specific performance.

This being an equity case, we have carefully read the entire record and weighed the evidence, and are of the opinion, and so hold, that the weight of the evidence does not sustain the finding of the court, that the plaintiffs had no actual or constructive notice of the first stipulation dated August 30, 1913, extending the lease to January 4, 1914.

While we think that the weight of the evidence shows that the plaintiffs had actual notice of the extensions of the lease, certainly they had such information that would put them on inquiry, and had they made inquiry of the defendants, they would have ascertained the existence of such extensions; consequently they must be held to have had notice of the rights of the defendants under their lease and the extensions thereof, and, having such notice, it cannot be said that they in good faith took the lease which they relied upon for recovery in this case, and are entitled to relief as an innocent purchaser.

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice or rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received." Herbert v. Wagg, 27 Okla. 688, 117 Pac. 210.

Section 2922, Revised Laws 1910, reads:

"Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious."

Section 2923, Revised Laws 1910, reads:

"Notice is either actual or constructive."

Section 2925, Revised Laws 1910, reads:

"Constructive notice is notice imputed by the law to a person having actual notice."

Section 2926, Revised Laws 1910, reads:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

Having knowledge of the existence of the lease and its extensions, of course the lease taken by the plaintiffs was subordinate to the lease of the defendants, and they acquired no interest by such lease as against the defendants, for the reason that the said lease executed to the defendants had not been forfeited, but was in full force at the time this action was commenced, the defendants in possession of the land in controversy, and producing oil therefrom. In the case of Indiana Oil & Gas Development Co. v. McCrory, 42 Okla. 136, 140 Pac. 610, Commissioner Galbraith said:

"It has often been said that equity abhors a forfeiture, and courts of equity will not lend their aid to declare a forfeiture. The better rule seems to be in such cases that equity jurisdiction cannot be successfully invoked, unless the forfeiture will effectuate justice; that, where the forfeiture would work a hardship or an injustice, aid in equity will be denied."

We are of the opinion, and so hold, that under the well-settled law of this state there was a consideration for the first lease and the two stipulations extending the same, but, regardless of whether there was or not, the plaintiffs cannot successfully attack the said lease and the said two extensions, upon the ground of want of consideration, the extensions showing upon their face that there was a consideration for the same; if there was a want of consideration, the burden to show such want of consideration was

upon the plaintiffs, which burden they have not discharged. M., K. & T. Ry. Co. v. Hancock, 26 Okla. 254, 109 Pac. 223.

Section 934, Revised Laws 1910, provides:

"A written instrument is presumptive evidence of a consideration."

Section 935, Revised Laws 1910, provides:

"The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

Section 926, Revised Laws 1910, provides:

"Good consideration defined. Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to yhich the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

We are of the opinion, and so hold, that it it immaterial whether or not the owner of said lands intended and did declare a forfeiture of the lease to Swan by the execution of the second lease to the plaintiffs, and by his answer and cross-petition and suit in an action, in which said suit Swan was not a party, under the facts in this case such intention and pleading did not work a forfeiture of such lease.

It necessarily follows that under our view of the case the plaintiffs were not entitled to the injunctional relief awarded.

The decree in this case being clearly against the weight of the evidence, this cause is reversed and remanded, with instructions to the trial court to set aside the decree in favor of plaintiffs, to set aside the injunction granted the plaintiffs, and to render a decree for the defendants.

By the Court: It is so ordered.