## SMITH v. RAY.

No. 16742—Opinion Filed July 27, 1926.

Rehearing Denied Sept. 28, 1926.

**1. Vendor and Purchaser—Rights of Lessee—Admissions in Pleadings—Findings Against Evidence as to Notice.**

In the trial of an action between a lessee of lands and a subsequent vendee to determine their rights to the rents and profits thereon for certain years, an express admission in defendant's answer that plaintiff told him he held the lease and that it was recorded, together with testimony that the grantor of defendant told him of plaintiff's lease before executing the deed, but that defendant disregarded the information from both sources because his abstract did not show such lease, a finding of fact by the trial court that defendant had no actual notice of the existence of plaintiff's lease when he took his deed is against the clear weight of the evidence and contrary to law.

**2. Same—Constructive Notice—County Records—Possession.**

In such case, where the testimony discloses that plaintiff's lease was presented for record and duly filed, that it was entered correctly in the numerical index in full compliance with the requirements of Comp. Stat. 1921, sec. 5857, but that in recording same at length "township one (1) south" was entered instead of "township one (1) north," and this error was discovered in proofreading the record; that the deputy clerk then underscored the word "south" on the record and made a notation on the numerical index showing "error" and entered thereon the book and page where the "error" appeared, such recording and indexing, coupled with possession of the land by plaintiff through subtenants. constituted constructive notice to defendant of plaintiff's rights, and a finding of fact by the trial court that defendant was without constructive notice thereof is against the clear weight of the evidence and contrary to law.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by J. M. Smith against J. R. Ray. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

This action was commenced December 26. 1921, by plaintiff filing in the district court of Atoka county his petition against the defendant, wherein it was alleged in substance that plaintiff was in possession of certain lands described in his petition un-

der a valid and subsisting lease contract with one John F. Billy, the allottee of said land; that by the terms of said lease plaintiff was entitled to the possession, use, and profits from said land until February 9, 1925, and that said lease was of record in Atoka county; that defendant is claiming and asserting a right to the possession of said premises and to the rents and profits therefrom in disregard of the rights of plaintiff under his said lease contract, and that if said defendant has any rights under his asserted claim to said lands, such right of said defendant was acquired subsequent to the execution and filing for record of plaintiff's said lease, and that defendant's rights are, therefore, subject and inferior to the rights of plaintiff in and to said premises until and after February 9, 1925. Plaintiff prayed for judgment adjudging his rights under said lease contract to be prior and superior to any rights of the defendant until February 9, 1925, and asking that defendant be enjoined from asserting any rights in or to said premises adverse to plaintiff's leasehold interest therein and for such other and further relief as in equity plaintiff may be entitled to receive.

Defendant answered by general denial, and then admitted that he was asserting rights in and to said premises and to the rents and profits therefrom adverse to the leasehold estate of plaintiff; that on December 1, 1920, for a valuable consideration he purchased the premises described in plaintiff's petition from John F. Billy and that the same were conveyed to him by warranty deed, duly recorded in Atoka county on December 3, 1920, and that he had no knowledge or information that the plaintiff had any lease upon said premises except a one year lease expiring December 31, 1920; that the lease under which plaintiff claims is a forgery and therefore void, and defendant prayed that said lease be canceled as a cloud upon his title.

Plaintiff filed his reply to the answer of the defendant, and upon the issues framed by these pleadings the cause was tried to the court September 4, 1924, and by the court taken under advisement until March 26, 1925, when the court filed written findings of fact and conclusions of law and rendered judgment thereon in favor of defendant. After unsuccessful motion for new trial, plaintiff has brought the case here by petition in error with case-made attached for review.

H. H. Cook, J. B. Maxey, and I. L. Cook, for plaintiff in error.

J. G. Ralls, for defendant in error.

Opinion by LOGSDON, C. Of the numerous errors assigned in the petition in error it will only be necessary to consider the third, sixth, and eighth in the disposition of this case. Those assignments are:

"3. The court erred in finding that the defendant in error purchased said land believing same to be free and clear from all incumbrances, except the lease ending January 1, 1921.".

"6. The court erred in failing to find that the index to the record is a part of the record, and that the filing of said lease with the county clerk and the proper indexing thereof was constructive notice to, defendant of plaintiff's lease."

"8. The court erred in failing to find from the evidence that defendant did have constructive notice of the lease of plaintiff in error."

A consideration of these assignments involves a determination of the question whether the findings of fact made by the trial court and numbered 3, 6, 7, and 8 are clearly against the weight of the evidence, this being an equitable action. The paragraphs of the court's findings here involved read:

"3. The defendant, J. R. Ray, had no knowledge or notice that John F. Billy had executed to the plaintiff the lease described in the plaintiff's petition and purchased said land believing that the same was clear of all leases and incumbrances, except the lease expiring the first day of January, 1921."

"6. The lease claimed by the plaintiff from John F. Billy was delivered by the attorney for the plaintiff to the county clerk's office of Atoka county, Okla., on the 16th day of February, 1920, at 3 o'clock p. m., and was recorded in Book 50, at page 494, but in recording the same. it was recorded as lands in township 1 south and range 15 east, and not as 1 north and 15 east, and at the time the abstract was made, which was on the 3rd day of December, 1920, the records showed that the lease executed by John F. Billy to the plaintiff J. M. Smith was located in sections 11 and 13, township 1 south, range 15 east.

"7. The defendant, John R. Ray, had no notice, either actual or constructive, of the lease claimed by the plaintiff, J. M. Smith, until after he had purchased and paid the full consideration for said land.

"8. The defendant, J. R. Ray, resorted to and used such diligence as an ordinarily prudent person would have used under like circumstances to discover whether or not the plaintiff had any right, title, interest, or leasehold upon the land in controversy, and by the use of such diligence did not obtain

either actual or constructive notice of the claims of the plaintiff herein."

Plaintiff's third assignment of error goes to the question of actual notice on the part of defendant of plaintiff's unexpired lease at the time he took his deed to the land in controversy. In defendant's answer to plaintiff's petition in the trial court it is solemnly averred:

"* * * And defendant states that the said plaintiff informed him he had a lease on said land and that the same was recorded and that he could find the same by an examination of the record. * * *"

John Billy was the lessor of plaintiff and the grantor of defendant. He testified by deposition, and upon the question of actual notice the following is shown:

"Q. John, in discussing the trade between you and Mr. Ray, J. R. Ray, was there anything said about the five year lease that you had executed to J. M. Smith? A. Yes, I told him there was a lease on the place. Q. Did you tell him who had the lease? A. Yes, sir."

Defendant, J. R. Ray, testified and denied actual notice from either plaintiff or John Billy, but this denial contradicts the above-quoted averment in his answer, and is in its turn contradicted by the following excerpts from his other testimony:

"Q. Did John Billy ever make any statement to you about a lease that Mr. Smith had on this land? A. Yes, sir. Q. What did he say to you about it? A. He said that he had leased it to Mr. Smith. Q. When you got the abstract did you go over the abstract with him? A. Yes, sir * * * Q. You got the abstract and examined it and went over it with John Billy, did you? A. I called John Billy in and said, 'Now here, John, if you want to close out this piece of land, the abstract is ready.' And I sat him down by my side and called his attention to every lease that was in there, and he named the other Smith, other lease on it time and time again, but the abstract showed and I didn't pay any attention to any other lease, except what the abstract showed."

Defendant was buying John Billy's surplus allotment, on which plaintiff held a five-years lease with four years yet to run, but contends that all of this evidence, and the averment in his answer, showing actual notice, related to a one-year lease on Billy's homestead which expired a month after he took his deed to the surplus. This contention is puerile on its face.

The third and eighth findings of fact by the trial court, relating to actual notice, are against the clear weight of the evidence and

contrary to the solemn admission made by defendant in his answer, and are therefore wholly without authority of law. Mendenhall v. Walter, 53 Okla. 598, 157 Pac. 732; Roberts v. Cora Exploitation Co., 57 Okla. 251, 156 Pac. 644; Clayton v. Oberlander, 59 Okla. 35, 157 Pac. 929; Swan v. O'Bar, 66 Okla. 91, 167 Pac. 470.

Plaintiff's sixth and eighth assignments of error will be considered together, as both involve the question of constructive notice.

On February 16, 1920, John Billy executed and delivered to plaintiff a lease contract on his surplus allotment, being the lands involved in this action, for a term of five years beginning February 10, 1920, and expiring February 9, 1925. In preparing this lease contract the scrivener wrote "all in township one (1) south" instead of "all in township one (1) north," but in proofreading it before it was executed this error was discovered. The scrivener thereupon drew a line with pen and ink through the typewritten word "south" and wrote above it with pen and ink the word "north." That this correction appeared on the lease when it was filed for record on the same day it was executed is shown by the numerical index record of the lease, which properly described the land and showed the correct township and range.

In recording the instrument at length, however, the copyist in the clerk's office disregarded the correction and recorded the lease as covering lands in "township one (1) south," which township is not in Atoka county. In proof reading this record the error was discovered, but instead of correcting the record to conform to the numerical index and to the original instrument, the deputy clerk simply drew a line or underscore under the word "south." The deputy county clerk who read the recorded instrument while the copyist held the original testified:

"Q. How did you happen to compare the description again? A. Because I found that it was one south, fifteen east, and that was what attracted my attention; it was one south, fifteen east, and I knew that that was not in this county. Q. What did you do then in regard to this matter? A. I drew a line under the description there, under the "south." Q. In the record? A. In the record."

She then made a notation, "error," with a pencil on the numerical index and indorsed "Book 50, page 495" thereon. This witness is the only one who asserts that the mistake was in the original instrument at the time it was presented for record, and her testimony upon this point is contradicted by the

numerical index and by the testimony of three reputable witnesses. But granting, for the purposes of this discussion, that her testimony is correct upon this point, it does not aid defendant upon the question of constructive notice imparted to him by the records of the county, and which he admitted in his answer plaintiff told him to examine.

The numerical index is a part of the recording system provided for by the law of this state. It is an integral part of the method provided for imparting constructive notice. Its contents are defined and its exact form prescribed by Comp. Stat. 1921, sec. 5857, and the same section makes it the mandatory duty of the register of deeds (county clerk) "to make correct entries in such numerical index of all instruments recorded," etc. That was done in this case, even to the extent of making a notation thereon of "error" at the time the book and page of the recorded instrument was placed thereon.

The first conveyance shown in defendant's abstract is the patent to John Billy's surplus allotment, the description of the lands there patented being identical with the description in the numerical index, which referred to the book and page where plaintiff's five-year lease was recorded, such numerical index calling attention, by the notation of the deputy clerk, to the "error." This was all a matter of record from February 16, 1920, and defendant did not take his deed to this surplus until December 1, 1920. The trial court erroneously excluded the numerical index covering plaintiff's five-year lease on this surplus land. That it was competent evidence to show the correctness of the original instrument when presented and as tending to show the mistake in recording has been expressly held by this court. Covington et al. v. Fisher, 22 Okla. 207 (sp. cit. 211), 97 Pac. 615.

Defendant, to obviate the legal effect of constructive notice imparted to him by the records of Atoka county, relies upon an incomplete abstract prepared at his request. This abstract was incomplete in that it contained nothing to show the existence of this lease contract to plaintiff. Defendant contends, and the trial court found as a fact, that the procuring of this abstract was the exercise of "such diligence" as would obviate and defeat the effect of the recording laws of this state, nowithstanding the actual notice shown by the evidence and admitted in defendant's answer. This is not considered to be correct. There is no statute in this state giving such verity to abstracts. There

is not even a legal presumption of their correctness, when in conflict with public records. To give such effect to abstracts would open the door to the grossest frauds. A man who knows that another is in possession of lands through tenants, as was plaintiff in the instant case, and who is further advised that the evidence of the rightfulness of that possession is a matter of record, is charged with notice of all that the records show, and if he thereafter buys such lands in reliance on a defective or incomplete abstract, he does so at his own risk and in peril of the consequences. Edwards et al. v. Montgomery et al., 26 Okla. 862, 110 Pac. 779.

The sixth and seventh paragraphs of the findings of fact made by the trial court, relating to constructive notice, are against the clear weight of the evidence and are therefore contrary to law.

Defendant makes the contention that this is an action to quiet title and that plaintiff, being merely a lessee or tenant, cannot maintain the action, and he cites numerous decisions by this court to sustain this contention. These authorities have no application to the instant case. Plaintiff merely pleaded a state of facts showing his rights to the rents and profits under his lease contract to be prior and superior to those of defendant under his deed, and asked for equitable relief. The form of the action is authorized by the provisions of Comp. Stat. 1921, sec. 178, and the petition conformed substantially to the provisions of sections 263 and 265, Id. There is no merit in this contention of defendant.

Because the conclusions of law announced by the trial court are based on the unauthorized findings of fact herein set out, the judgment rendered in conformity therewith is erroneous. This being an equitable action, this court is authorized to render or cause to be rendered such judgment as the trial court should have rendered. The judgment of the trial court is therefore vacated and the cause is remanded, with directions to the trial court to take such further proceedings as may be necessary to ascertain the amount of rents collected by defendant, if any, on the lands in controversy for the years 1921, 1922, 1923, and 1924, and when this has been done to thereupon render judgment in favor of plaintiff for the amount of such rents, together with legal interest thereon from the respective dates in each year when such rents were received by defendant, and in favor of plaintiff for all costs of this action.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 882 § 2854. (2) 35 C. J. p. 1158 § 425.