## SAPULPA CO. v. STATE ex rel. LANKFORD, State Bank Com'r.

No. 7158—Opinion Filed June 12, 1917.

(166 Pac. 119.)

(Syllabus by the Court.)

### Corporations—Officers—Authority of—Estoppel.

Where a corporation had for a number of years intrusted the general management of its business to its secretary, who had on various occasions executed promissory notes to a bank in the name of the corporation, the proceeds of which had been placed to the credit of the corporation on the books of the bank, and checked out by him, the corporation will be estopped to deny his authority to execute a promissory note when sued thereon by the bank.

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Proceeding by the State, on relation of J. D. Lankford, State Bank Commissioner, against the Sapulpa Company. There was judgment for plaintiff, and defendant brings error. Affirmed.

Smith & Walker, for plaintiff in error.

S. P. Freeling, Atty. Gen., and McDougal, Lytle & Allen, for defendant in error.

HARDY, J. The state, upon the relation of J. D. Lankford as bank commissioner, sued the Sapulpa Company to recover a certain sum on a promissory note alleged to have been executed on its behalf by one Phillips, its secretary, which was among the assets of the Farmers' & Merchants' Bank of Sapulpa at the time it was taken over by the bank commissioner. The answer denies the authority of said Phillips to execute the note, and further alleges that said note was wholly without consideration. Trial was had to a jury, which resulted in a verdict for plaintiff, and defendant prosecutes error.

The court instructed the jury that an officer of a corporation in charge of its office as general manager had authority to transact the duties of the corporation for which it was organized, though if said corporation was not organized for the purpose of borrowing money, such officer would not be authorized to borrow money, unless by action of the board of directors in compliance with its by-laws. He further instructed the jury, over the objection of defendant, that authority to borrow money for a corporation not organized for that purpose might be implied from the course of dealings or transactions or from circumstances of a particular case, and that the rule was that a corporation would be bound by any contract made or acted on by

the secretary within the scope, or apparent scope, of his authority where he had been expressly authorized thereto by the board of directors or stockholders, or intrusted with the general management of the corporation or a particular part of it, or permitted to act generally or in a particular manner. The evidence on behalf of plaintiff was to the effect that Phillips was secretary of defendant company and had general charge of its business; that for a number of years, four or five at least, the company had transacted its banking business through Phillips with the Farmers' & Merchants' Bank of Sapulpa, and during that time, on numerous occasions, Phillips had borrowed money upon notes executed by him in its behalf, the proceeds of which were placed to its credit upon the books of the bank and thereafter checked out to Phillips in the regular course of its business. Objection was made to the introduction of evidence of this character and exceptions saved, and error is urged upon its admission. The defendant contends that this evidence was incompetent to show authority upon the part of Phillips to execute the note sued on.

In Jack v. National Bank of Wichita, 17 Okla. 430, 89 Pac. 219, one of the questions involved was whether or not a corporation can permit a person to hold himself out as its officer or agent in a certain course of dealings, receive the benefit of the transactions had with him, and afterwards deny his authority; and whether persons dealing in good faith with the officers and agents of a corporation may rely upon the exercise of their apparent powers. In that case one Watkins, who was not in fact treasurer of the bridge company, and had no express authority to make the assignment, had assigned an account to W. P. Jack. Thereafter the bridge company assigned the account to the National Bank of Wichita. The account was duly allowed and warrant drawn payable to the bridge company. Jack made demand for the warrant, which was refused, and brought an action to recover same. Watkins previously had represented himself to be treasurer of the company, and had filed in the office of the county clerk accounts of the company against the county, which had been audited and allowed, and some of which had been sold to the plaintiff in error and others, the company receiving the benefits of the proceeds of these transactions without repudiating the authority of Watkins. Judgment was rendered against Jack, in reversing which the court said:

"The authority of an officer or agent of a corporation need not necessarily be express, but it may be implied from the circumstances.

Hence a corporation is liable for the acts of a person, within the apparent scope of his authority, by holding him out to the public as its officer, or agent, or by permitting him to act as such, and under such circumstances the corporation becomes estopped to deny his authority."

A similar question was involved in Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 27 Okla. 180, 111 Pac. 326, where a corporation organized under the laws of Pennsylvania was engaged in the business of furnishing gas for fuel and light purposes. All of its directors resided in that state with the exception of one, who resided in Oklahoma, where its plant was located, and had practically the sole management of its business, and who had, at different times, as general manager, made various contracts for the supplying of gas at different prices, and had, in connection with the president, made a contract to furnish gas for a certain period free, and the price of other gas to be furnished was made in order to induce a brick manufacturing concern to establish a brick plant in the town where the gas company was located. After the beginning of operations by said brick plant, said gas company furnished gas thereunder free for a period of six months, and it was held that said officers acted within the apparent scope of their authority, and the corporation was bound by the contract.

That the Sapulpa Company had authority to borrow money is not questioned, but it is contended the secretary was not authorized to do so in its behalf. The same rule would apply here as would apply with reference to any other act alleged to be in excess of an agent's authority. From the evidence offered by plaintiff it appears that the corporation for a number of years, through a long series of transactions, had permitted Phillips to exercise this power in its name and for its use, and had received and retained the benefits of such transactions, and the circumstances were sufficient to justify the jury in finding that he had been permitted by the corporation, without objection, to pursue this particular course of conduct, and to presume, as between the defendant and those who in good faith dealt with him upon the basis of his authority to represent the corporation, that he had acted in conformity with instructions received from those who had the right to control its operations, and the corporation will be estopped to deny his authority in the premises. Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 604, 19 L. Ed. 1008; Martin v. Webb et al., 110 U. S. 7, 3 Sup. Ct. 428, 28 L. Ed. 49; G. V. B. Min. Co. v. First Nat. Bank, 95 Fed. 23, 36 C. C. A. 633; Hennessy Bros. & Evans Co. v.

Memphis Nat. Bank, 129 Fed. 557, 64 C. C. A. 125; Bangs v. Nat. Macaroni Co., 15 App. Div. 522, 44 N. Y. Supp. 546; Jacobus v. Jamestown Mantel Co., 149 App. Div. 356, 134 N. Y. Supp. 418; Trapp et al. v. Fidelity Nat. Bank, 101 Ky. 485, 41 S. W. 577, 43 S. W. 470; Bullen v. Milwaukee Trading Co., 109 Wis. 41, 85 N. W. 115; St. Clair v. Rutledge, 115 Wis. 583, 92 N. W. 234, 95 Am. St. Rep. 964; 2 Thomp. Corp. (2d Ed.), sec. 1585 et seq.

The instructions given by the court were substantially correct under the facts of this case, and objections were properly overruled to the evidence, which was reasonably sufficient to sustain the verdict of the jury.

The judgment is affirmed.

All the Justices concur.