## NEGIM & CO. v. HARP et al.

No. 13415—Opinion Filed April 8, 1924.

Corporations—Authority of Officers—Estoppel to Deny—Acceptance of Benefits of Legal Services.

Plaintiffs performed legal services for defendant corporation at the instance and request of its secretary, then in charge of its business. Plaintiffs procured the approval of the president of the corporation, who was in another state—not of their employment—but of things they were doing in the course of such employment. Defendant corporation received the benefits of the services rendered without objection. Held, such corporation was estopped to deny the agency or authority of such secretary in employing plaintiffs.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Ottawa County; Q. P. McGhee, Judge.

Jesse A. Harp and J. L. Anderson sued Negim & Company, a corporation, for legal services on implied contract. Judgment for plaintiffs. Defendant appeals.

Geo. T. Webster, for plaintiff in error.

Jesse A. Harp, for defendants in error.

Opinion by ESTES, C. Defendants in error sued plaintiff in error. Parties will be referred to as they thus appeared in the trial court. Plaintiffs allege that they were practicing attorneys; that defendant was a mercantile corporation doing business at Picher, Okla.; that at the special request of Mrs. Mittie Negim, who was then in charge of said business, plaintiffs rendered legal services for defendant in and about the matter of a threatened receivership proceeding against defendant; that they effected a compromise agreement with the creditors of defendant, and rendered other services; that said services were reasonably worth the sum of $1,000. Defendant answered by verified general denial, specifically denying the authority of the said Mrs. Mittie Negim to employ plaintiffs for defendant corporation. On verdict of the jury, judgment was for plaintiffs for $350. The numerous errors assigned by the defendant will be disposed of under the main contention that the employment of plaintiffs was without authority.

Mrs. Mittie Negim owned practically all of the stock of defendant corporation, was its secretary, and was in charge of its business at the time of the alleged employment of plaintiffs. Her husband, Mr. Negim, was the owner of one share of the stock, was president and manager, and, at the time of the alleged employment, was in jail in Kansas. Said wife came to plaintiffs for advice on the company being threatened with receivership by one large creditor. Plaintiffs advised her, prepared a contract for temporary receivership, went to Kansas and interviewed said husband in jail, obtained his approval of the contract, thereby effecting a settlement with this creditor. The jury found these services to be of the value of $350, and defendant raises no contention on this behalf.

The following rule from 14 a C. J., 368, is applicable to the foregoing facts:

"It is a general rule that where a corporation by any acts or conduct knowingly causes or permits a person to act as its agent either generally or for a particular purpose, or a particular officer or agent, to act in excess of his actual authority, it will be estopped to deny such agency or authority to the injury of a third person who, in good faith and in the exercise of reasonable prudence, deals with such officer or agent on the faith of such appearances, although there is no actual fraud on the part of the

corporation, and although the facts are not sufficient to constitute a ratification. * * *" Sapulpa Co. v. State ex rel., etc., 64 Okla. 68, 166 Pac. 119; Jack v. Wichita National Bank, 17 Okla. 430, 89 Pac. 219.

It is further laid down that in such cases a corporation will be estopped on the ground of acquiescence to deny such authority where it has knowledge of things so done and does not promptly object thereto.

Defendant contends that the court committed error in permitting witnesses to testify to conclusions. This contention is purely technical and without merit. Such conclusions as were admitted were cured by subsequent testimony and were harmless. Defendant further contends that there was error in the instructions given, and in refusal to give those requested by the defendant. This seems to be due to the belief of counsel that the instant suit is one on a specific contract. The action is on an implied contract for the reasonable value of services. The record discloses that the cause was fairly tried, and that there were no errors prejudicial to the rights of the defendant.

It is recommended that the judgment of the county court herein be affirmed.

By the Court: It is so ordered.