**WESTERN NATURAL GAS CO. v. COOPER.**

No. 15781—Opinion Filed Feb. 9, 1926.

Rehearing Denied July 13, 1926.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Authority to Make Contract.**

In a law action, based upon a contract, the authority for making which is in dispute by the pleadings, if there is any evidence reasonably tending to support the finding of the jury, this court will not disturb the judgment based upon such finding.

2. **Corporations—Authority of Representative to Make Contract—Ratification a Jury Question.**

Where plaintiff pleads a contract made with a representative of a corporation, and in defense to said action the corporation contends that the representative had no authority to employ the plaintiff, a ratification or not of the unauthorized action of the representative is a question of fact to be passed upon by a jury, under all the evidence.

3. **Same—Finding of Ratification Sustained.**

Record examined in the instant case, and held, that there was sufficient evidence before the jury to authorize it to find that the contract made by the defendant's representative with the plaintiff had been impliedly ratified.

Error from District Court, McIntosh County ; Harve L. Melton, Judge.

Action by John T. Cooper against the Western National Gas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

G. C. Spillers. for plaintiff in error.

C. H. Tully and John T. Cooper, for defendant in error.

BRANSON, V. C. J. The only question we think it necessary to discuss herein is whether there is any evidence reasonably tending to sustain the verdict of the jury. It revolves around the sufficiency of the evidence to warrant the jury's verdict on the question as to whether or not there was an oral contract and an implied ratification thereof. This we take from no less document than the brief filed on behalf of the plaintiff in error, and that portion of said brief which recites that the court instructed the jury that there was no evidence that Newcomb was authorized to employ an attorney for the defendant, and that there was no evidence of express ratification. Then the brief recites: "This narrows the issues to the question of whether there was any evidence of an implied ratification of the contract."

The plaintiff was John T. Cooper, lawyer of McIntosh county. He sued the defendant, the Western Natural Gas Company, a corporation, for the sum of $500 attorney's fee and expenses. The defendant is a utility, and was, at the time the matters on which this suit is based, engaged in furnishing natural gas to private consumers in the two

large towns of McIntosh county, to wit, Checotah and Eufaula. It had, for a period of years, been presenting to the Corporation Commission of the state alleged reasons why the said Commission should grant it, the defendant, an increase in gas rates. It had never, prior to sometime in the winter of 1924, secured such increase. Its local agent at Checotah was the said Newcomb, mentioned in the instructions of the court. It appears that Newcomb looked after the affairs of the defendant company at Checotah, where the plaintiff resided. In the spring of 1923, the said Newcomb interviewed the plaintiff as to the plaintiff's representing the defendant in the gas rate controversy. It is in evidence from the plaintiff, Cooper, that he told the said Newcomb that he would represent the defendant for a contingent fee of $500 and expenses. The contingency was the increase in rates. Newcomb advised plaintiff he would take it up with the head officers of his company, and later told plaintiff that they authorized him to employ Cooper. Acting on this, the plaintiff took the matter up with the Corporation Commission at Oklahoma City, making one or more trips to the capital. Several letters were exchanged between him and the Corporation Commission, one of which bears date of August 14, 1923, and is addressed to John T. Cooper, Checotah, The Mayor of Checotah, and The Mayor of Eufaula. The letter begins with the words: "In reply to Mr. Cooper's letter of August 7th, as attorney representing the Western Natural Gas Company," etc. This letter was evidently delivered by the mayor to one Parris, who was attorney for Eufaula, and was by him placed in his files in the gas rate matter. It is in evidence from the said Parris that on one occasion, a few days after the receipt of said letter, one Eysenbaugh, the president of the defendant corporation, and the secretary of said corporation, together with their Tulsa attorney, were in the office of the said Parris, when he disclosed the said letter. Parris had no interest in this controversy, and the fact that he disclosed the said letter to the president and secretary of the defendant corporation could not be disputed. This disclosure was prior to the final hearing before the Corporation Commission, which brought about the order granting an increase in the rates. Checotah and Eufaula are separated by a distance of approximately ten miles.

The jury could have reasonably inferred from this state of facts that the officers of the defendant company discussed the information they received with their manager, Newcomb, and that they had opportunity to repudiate the efforts of the plaintiff in its behalf long before the increase in rate was obtained. When on the witness stand the secretary of the company equivocated in reply to the direct question, "Did Cooper have anything to do with increasing these gas rates in these cities?" His answer was, "I would say no; I cannot see how he possibly could have." His manner and demeanor on the witness stand in making an answer of that character could of course be observed by the trial court and the jury. The jury no doubt concluded the officers either knew all about Newcomb's authorizing Cooper to act in this matter, or they willfully and designedly turned themselves from the opportunity to obtain all information in regard to it. If they did the latter, after knowing from the letter disclosed to them that Cooper was purporting to act for them, they cannot be heard to say that they did not know all about it. On this particular question, this court has spoken in plain language:

"It is essential that the principal have full knowledge of all material facts and circumstances relative to the unauthorized transaction or that someone authorized to represent the principal, except the agent, have such knowledge, unless the principal is willfully ignorant or improperly refrains from seeking the information." Thorp Oil Co. v. Home Co., 79 Okla. 225, 192 Pac. 573."

Under these circumstances, we think it was the duty of the principal to repudiate the action taken in employing the plaintiff by their local representative, Newcomb, if it did not desire the same. This it did not do. R. C. L., vol. 21, page 930, sec. 109.

The court instructed the jury to the effect that a principal, upon learning of an unauthorized act of his agent, if he does not intend to be bound thereby, must within a reasonable time repudiate it. The court also told the jury that if they found that the defendant, the Western Natural Gas Company, learned that their employe, Newcomb, employed the plaintiff to represent it, and did not within a reasonable time repudiate said employment, that by such failure to repudiate such unauthorized act, the defendant became bound thereby by ratification. This character of ratification is that usually referred to as an "implied ratification." So there was before the jury undisputed evidence that both the president and the secretary knew long before the results were accomplished which they were seeking to accomplish, to wit, the raise in gas rates, that Cooper was corresponding with the Corporation Commission, and the Commission with him, in regard to the matter. They had the opportunity, even if it was not imme-

diately at hand, to investigate the reason therefor, if they had not authorized Cooper's employment. When asked the direct question as to his services, the secretary's answer all but disclosed that he knew all about it. Newcomb was taking an active interest in the gas raise, and from the record it is hardly perceivable that the jury could draw any inference from the evidence before it, knowing, as the jury evidently knew from common knowledge, the relative locations of Checotah and Eufaula, other than that the officers of the defendant company were that very day in conference with Newcomb; that is, the day on which they were shown the correspondence by Parris. There was no attempt at repudiation, the court properly instructed the jury, and they reached the conclusion that the plaintiff's services were rendered upon a contract with Newcomb, impliedly ratified by the defendant company.

The judgment of the trial court is affirmed.

HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ.. concur. NICHOLSON, C. J., dissents.

Note.—See under (1) 4 C. J. p. 853 §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 14a C. J. p. 412 §2259. (3) 14a C. J. p. 410 §2257; 7 R. C. L. p. 664; 2 R. C. L. Supp. p. 429.