## UNION STATE BANK OF SHAWNEE v. HOUSEL, Trustee.

No. 15587—Opinion Filed April 5, 1927.

Rehearing Denied May 10, 1927.

(Syllabus.)

1. **Corporations—Chattel Mortgage Executed by President—Estoppel to Question Validity.**

Where money is borrowed and used by a corporation in its business and a chattel mortgage is executed by the president of such corporation to secure said loan, such corporation is estopped from claiming that the loan was not authorized by the directors of such corporation.

2. **Chattel Mortgages—Mortgage on Stock of Goods—Validity.**

While a mortgage on the stock of automobile accessories, fixtures, and appliances may be void as against creditors, it is good as between the parties to the extent of the goods on hand at the time of its execution, and the delivery of the same to mortgagee by the mortgagor and foreclosure under the statute passes the title as against creditors who acquire their lien subsequently.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Barron C. Housel, trustee in bankruptcy of Pierson Automobile Company, a corporation, against Union State Bank and Thompson Motor Car Company, a corporation, to recover damages for conversion. Judgment for plaintiff, and defendant bank appeals. Reversed, with directions.

Goode & Dierker, for plaintiff in error.

Clyde G. Pitman and B. D. Shear, for defendant in error.

LESTER, J. The parties to this action will be referred to as they appeared in the district court.

The plaintiff commenced an action in the district court of Pottawatomie county, as trustee in bankruptcy of the Pierson Automobile Company, against the Union State Bank and the Thompson Motor Car Company to recover $7,500 for the conversion of certain property.

The parties to this action entered into an agreed statement of facts as to many of the material matters involved in said cause, and the court upon final hearing rendered judgment for the plaintiff in the sum of $1,250, from which judgment the defendants appeal.

The plaintiff in his petition alleged that the defendants converted certain property to their own use and benefit, and that the plaintiff, as trustee for the Pierson Automobile Company, was entitled to recover the value of the property so converted by the defendants.

In our judgment the petition of the plaintiff was defectively stated. A demurrer to the same was overruled by the court, from which no exception was taken by the defendants.

The agreed statement of facts, in substance, was as follows:

"That on the 30th day of September, 1920, for the purpose of securing the payment of one promissory note of $2,000 dated September 30, 1920, the president of the Pierson Automobile Company executed and delivered to the defendant Union State Bank, a chattel mortgage on all of the Pierson Automobile Company's garage equipment, shop tools, automobile parts and accessories, and other property located and being in its place of business, at 128 South Bell street, in Shawnee, Okla., and pertaining to the conducting of the business of said automobile company, a copy of said mortgage being hereto attached, marked 'Exhibit A' and made a part hereof. Said chattel mortgage was duly filed for record October 1, 1920, at 8 o'clock a. m., in the office of the county clerk of Pottawatomie county.

"That on the — day of February, 1921, the defendant, Union State Bank, took possession of the property mentioned in said chattel mortgage and sold the same under foreclosure proceedings at public sale, in the manner and form provided by law. That under such chattel mortgage sale, the goods, wares, and merchandise, consisting of automobile parts and accessories, were sold by the defendant, Union State Bank, as be-

fore stated to various purchasers for the total sum of $1.250, which sum the parties hereto agree was the value of such stock of goods, wares. and merchandise at the time the same were so taken and sold by said Union State Bank; that said sum is still retained by said Union State Bank." .

The record in the case shows that the Pierson Automobile Company was a corporation, that its financial affairs were controlled almost entirely by its president.

The corporation. to the extent of its management. seemed to be a one-man affair, controlled almost exclusively by its president. We do not find any record of the proceedings of the board of directors. and it appears that W. O. Pierson, president of the company, from time to time borrowed money for the purpose of using it for the benefit of the corporation.

On page 93 of the case-made it is shown by O. A. Pierson that the sum of $2,000, procured by virtue of a note and mortgage executed by said W. O. Pierson as president of the company, was used by the corporation in its business.

It will be noted in the agreed statement of facts that the property mentioned in said chattel mortgage "was sold under foreclosure proceedings at public sale in the manner and form provided by law."

The plaintiff aggressively insists that the mortgage not having been authorized by the directors of the company, the same is, therefore. null and void, and could not have been enforced against the property of the company.

Section 5013, C. O. S. 1921, provides:

"The voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known, to the person accepting."

In the case of Eureka Publishing Co. v. First Nat. Bank of Stigler, 59 Okla. 285, 159 Pac. 508, the syllabus is as follows:

"Where the president of a corporation makes arrangements with a bank to borrow money on behalf of such corporation and at the time advises the bank that the treasurer of the corporation will execute, for the corporation, the note evidencing such loan. and pursuant thereto the note is later made in the name of the corporation by its treasurer, and the proceeds thereof are duly passed to the credit of the corporation in said bank and checked out by the corporation in due course of business for corporate purposes, and where such transaction is in consonance with the prior business transactions between said

bank and said corporation, the corporation will be held liable on such note, regardless of whether the note is executed in the manner and form required by the by-laws of such corporation."

Other objections were made by the plaintiff to the mortgage executed by the Pierson Automobile Company to the defendants. They contended that, the property or a portion of it being in possession of the Pierson Automobile Company with the privilege of disposing of the same, the mortgage was void as to the creditors of such company.

The court in the case of Snow v. Cody et al., 96 Okla. 81, 220 Pac. 578, said:

"While a mortgage on a stock of drugs and fixtures may be void as against creditors. it is good as between the parties to the extent of the goods on hand at the time of its execution, and the delivery of the same to mortgagee by the mortgagor and foreclosure under the statute passes the title as against creditors who acquire their lien subsequently."

In the instant case it was not shown that any of the property in question had been acquired by the Pierson Automobile Company subsequent to the execution of the mortgage.

The plaintiff further contended that the execution of the mortgage was in violation of the Bulk Sales Law. We do not think that this objection was properly presented in the pleadings of the plaintiff, and the plaintiff practically abandoned this contention in its brief by stating that this question is only incidental to other issues in said cause.

We think the judgment of the district court was erroneous, and, therefore, the same is reversed, with directions to proceed in accordance with the views herein expressed.

BRANSON. C. J., MASON, V. C. J., and PHELPS, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 14a C. J. p. 373, §2232; p. 387, §2241; 7 R. C. L. p. 645. (2) 11 C. J. pp. 576 (Anno.), 577, §269.