## OKLAHOMA CITY GENERAL HOSPITAL v. WEATHERS.

No. 19666. Opinion Filed Dec. 16. 1930.

Owen & Looney and David A. Kline, for plaintiff in error.

Twyford & Smith, for defendant in error.

HEFNER, J. This is an appeal from a judgment and verdict of a jury in the district court of Oklahoma county for $850 in favor of P. H. Weathers, the defendant in error, hereinafter called defendant, against the Oklahoma City General Hospital, plaintiff in error, hereinafter called plaintiff. A judgment was rendered on the cross-petition for defendant.

It was alleged that plaintiff employed defendant in his professional capacity as an architect to prepare certain preliminary sketches and estimates of costs of improve-

ment for a building which plaintiff proposed to construct upon its grounds, and that the contract of employment was made for plaintiff corporation by Doctor Harbison, the agent of plaintiff, acting within the scope of his authority. The plaintiff specifically denied under oath that Doctor Harbison was the agent of the corporation, or that he had any authority to bind the corporation as its agent. The following special interrogatories were submitted to the jury and answered in the affirmative: (1) "Did Doctor Harbison make a contract with Weathers to furnish plans for the hospital? A. Yes." (2) "Did the Oklahoma City General Hospital permit Doctor Harbison to hold himself out as having authority to contract? A. Yes."

We think the evidence establishes the following facts: The corporation owned the real estate and hospital building. The board of directors consisted of Doctor Harbison, president, and two others. The directors did not hold formal meetings with reference to the business of the company. There was a general discussion about improvements of the building by the three directors. They did not make any formal minutes of their meetings, but met and talked things over and planned the improvements. It was agreed that it was necessary for the directors to employ a contractor to construct the improvements and an architect to draw the plans. Thereafter Doctor Harbison, the president, saw Mr. Weathers, the architect, and had him prepare the plans in question. After the plans had been prepared, Doctor Harbison and Mrs. Jones, who was a director, went to the office of the architect and suggested changes in the plans, and at their suggestion the changes were made. The plans were delivered to the president, and were later seen in the office of the company, and were never returned to the defendant. All three of the directors saw the plans. When called upon to pay for the work the president of the company admitted that the work was satisfactory, but said that in order to procure a loan sufficient to build the new hospital they had to let the persons furnishing the loan select their own architect, which was done, and the plans of that architect were used.

It is admitted that the president of the corporation employed the defendant to draw the plans and specifications. It is denied that he had any authority so to do from the board of directors. It is well settled that the president of a corporation, as such, has no authority to contract for the corporation. He has no more authority than any other director. Quaker Oil & Gas Co. v.

Jane Oil & Gas Co., 63 Okla. 234, 164 Pac. 671. Under section 5334, C. O. S. 1921, the powers of the corporation must be conducted and controlled by a board of directors.

We think the real question in this case is whether or not the contract with the defendant made by the president was made with the knowledge, acquiescence, or consent of the directors. There is no doubt but that the president of the corporation employed the defendant to draw the plans. The authority of the president to make this contract need not necessarily be an express one from the board of directors, but it may be implied from the circumstances. Evidence of the ratification of or consent to or acquiescence in his acts is admissible in evidence under the general allegation that the acts were done by the corporation. Ardmore Hotel Co. v. J. B. Klein Foundry, 104 Okla. 125, 230 Pac. 734. In that case this court said:

"The authority of an officer or agent of a corporation need not necessarily be express, but it may be implied from the circumstances.

"Evidence of the ratification of the acts of corporate officers or agents is admissible under a general averment of authority or under allegations that the acts were done by the corporation."

There were but three directors. Two of them were in the office of the defendant and went over the plans with him and suggested changes. The third one saw the plans in the office of the company and saw the name of the defendant thereon. We think it is a fair deduction from the evidence that the plans made by the defendant were retained by the company. They were delivered to the president, they were seen in the office of the company by the director who did not examine them in the office of the defendant. We think this evidence is sufficient to support the verdict of the jury when it found that the corporation permitted Doctor Harbison to hold himself out as having authority to contract. That being true, this court will not disturb the verdict of the jury. In the case of Western Natural Gas Co. v. Cooper, 121 Okla. 127, 247 Pac. 978, this court said:

"In a law action, based upon a contract, the authority for making which is in dispute by the pleadings, if there is any evidence reasonably tending to support the finding of the jury, this court will not disturb the judgment based upon such finding.

"Where plaintiff pleads a contract made with a representative of a corporation, and in defense to said action the corporation contends that the representative had no au-

thority to employ the plaintiff, a ratification or not of the unauthorized action of the representative is a question of fact to be passed upon by a jury, under all the evidence."

There can be no doubt but that all three of the directors knew that services were being rendered by the defendant. Two of the directors approved the plans, the third knew of them and made no objection thereto. Having this knowledge, if the president did not have the authority to make the contract, it was their duty to immediately bring his lack of authority to the attention of the defendant, and this was not done.

In the Rainbow Oil & Gas Co. v. Barton, 70 Okla. 271, 173 Pac. 1135, this court said:

"Where a corporation permits services to be rendered under a contract of employment and receives the benefit of such services, it cannot escape payment of such services on the ground that the corporate officers, entering into the contract on behalf of the company, had no authority so to do."

The facts in this case seem also to bring it within the terms of section 5013, C. O. S. 1921; it is as follows:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known, to the person accepting."

Under the facts disclosed by this record and the law applicable thereto, we do not think the trial court committed error in refusing to sustain the motion of the plaintiff to strike the testimony of the defendant, Weathers, nor in overruling the demurrer of the plaintiff to the evidence of the defendant on the ground that the same was insufficient to sustain the cause of action alleged. Neither do we think the verdict of the jury was contrary to the law.

The plaintiff urges that the court committed error in its instructions to the jury. The instruction complained of is as follows:

"You are further instructed that under the law of the state of Oklahoma, a contract may be either express or implied, and that an express contract is one where the terms and conditions and so forth are expressed and definitely stated, but that an implied contract is one which the law implies from the facts and circumstances surrounding the transaction.

"Upon the question of agency, you are advised that the president of a corporation, as such, has no power to bind the corporation by contract unless such authority has been delegated or unless he has been permitted by the corporation, through its directors, to hold himself out as having authority to contract,

and in this case it is incumbent upon the cross-petitioner to show that he made a contract either expressed or implied with the plaintiff for the performance of the services sued for here, and that he performed said services, and the value thereof, and in addition thereto he must show that Dr. Harbison, in making said contract, if you find Dr. Harbison made a contract for the plaintiff, was suffered or permitted by the corporation or a majority of the directors thereof to hold himself out as one having authority to contract, and if he so does, the defendant Weathers would be entitled to recover in this case; but, upon the other hand, if he fails to establish a contract with Dr. Harbison, or fails to show that he performed the services thereunder, or fails to show that the corporation suffered or permitted Dr. Harbison to hold himself out as one having authority to make said contract, your verdict must be for the plaintiff, Oklahoma City General Hospital."

It is suggested that the instructions cover contracts both express and implied, and that the case was submitted to the jury upon this double theory. Doctor Harbison, the president, talked to the defendant about making the plans for the improvements. After various conferences the plans were made by the defendant. There was nothing said about the amount of the compensation. There is no direct or express contract with the board of directors. After the members of the board knew the plans were being made, two of them went over the plans with the defendant and approved the same. The plans were seen in the office of the company and were never returned to the defendant. The contract was partly express and partly implied. An express contract is one the terms of which are stated in words. An implied contract is one the existence and terms of which are manifested by conduct. Sections 5029, 5030, 5031, C. O. S. 1921. In the case of McLaughlin v. Lagers, 99 Okla. 155, 225 Pac. 920, this court said:

"Where the testimony is sufficient to show that defendant stood in line with the benefits to be had from a contract and impliedly, if not expressly, accepted and approved the services of the plaintiff, under the terms of the contract, he is bound by the terms under sections 5013, 5031, and 5162, Compiled Statutes 1921."

We think, under the facts in this case and the law applicable thereto, the court committed no prejudicial error in the above instructions. The judgment is affirmed.

LESTER, V. C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and CLARK, JJ., absent.

Note.—See under (1) 7 R. C. L. p. 451; R. C. L. Continuing Perm. Supp. p. 304; (4) 2 R. C. L. p. 194; R. C. L. Perm. Supp. p. 368; R. C. L. Continuing Perm. Supp. p. 40.