## NATIONAL SURETY CO. v. WINGATE et al.

No. 20548. Opinion Filed Nov. 24, 1931.

Markley & Neece, for plaintiff in error.

Counts & Counts, for defendants in error.

HEFNER, J. On May 9, 1928, the National Surety Company obtained a judgment in the district court of Pittsburg county against the McAlester-Adamson Coal Company, a corporation, in the sum of $200. Thereafter an execution was issued and levied on a hoisting engine belonging to the corporation, but no sale of the property was had under the levy because Amelia Wingate, defendant herein, claimed a superior lien against the property by virtue of a chattel mortgage executed to her by C. S. Wingate as general manager of the corporation.

On the 31st day of October, 1928, the National Surety Company, as plaintiff, brought an action in the district court of that county in the nature of a creditor's bill for the purpose determining the interest of defendant in the property. The plaintiff contends that the chattel mortgage is void because Wingate, as general manager of the corporation, had no authority to execute it and because it was not attested in the manner provided by law, and that it was therefore not entitled to record and did not operate as constructive notice to third parties. The mortgage was not attested by subscribing witnesses as provided by the statute, but it was acknowledged by C. S. Wingate as manager of the corporation and filed for record prior to the levy of the execution. The trial court sustained the mortgage and entered judgment in favor of defendant.

Plaintiff appeals and contends first that the chattel mortgage is void as to it for the reason that a general manager of a corporation has no authority to execute mortgages on its property. The general rule is that an agent of a corporation has no implied power to borrow money on behalf of the corporation, nor to sell, mortgage, pledge, or otherwise dispose of its property. The corporation may, however, expressly or impliedly authorize its general manager so to do. In the case of Union State Bank of Shawnee v. Housel, Trustee, 124 Okla. 294, 256 P. 29, the following rule is announced:

"Where money is borrowed and used by a corporation in its business and a chattel mortgage is executed by the president of such corporation to secure said loan, such corporation is estopped from claiming that the loan was not authorized by the directors of such corporation."

In 7 R. C. L. p. 639, it is said:

"Thus where the entire management of the corporation is intrusted to the president, he has, as regards third persons acting in good faith, authority to execute commercial paper so as to bind the corporation."

Again, at page 645, the author says:

"The power of an officer of a corporation to execute a chattel mortgage may be inferred from the usual course of business and conduct of the corporation, as where the entire control and management of the corporate affairs was informally intrusted to an officer."

In the case of Oklahoma City Gen. Hospital v. Weathers, 147 Okla. 25, 294 P. 98, it is said:

"The authority of the president of corporation to make a contract need not necessarily be an express one from the board of directors, but it may be implied from the circumstances."

See, also, Sapulpa Co. v. State ex rel. Lankford, State Bank Com'r, 64 Okla. 68, 166 P. 119. Under these authorities, if the corporation expressly or by implication authorized Wingate as its general manager to execute the chattel mortgage, it is valid. The question for our determination is, "Did the corporation authorize him so to do?" The evidence, in substance, establishes the following facts:

C. S. Wingate was appointed by the corporation as its general manager and the entire management of its business was intrusted to him. On May 21, 1927, he borrowed on behalf of the corporation the sum of $7,000 from defendant and as security therefor executed to her in behalf of the corporation a chattel mortgage on the property involved. The money borrowed was used by the corporation to pay off and discharge a pre-existing debt of the corporation. The good faith of the transaction is not questioned. The evidence further establishes that upon the organization of the corporation a general resolution was passed by the board of directors authorizing Wingate as its general manager to borrow money whenever necessary in the proper conduct of the business of the corporation and to execute mortgages on the corporate property to secure the loans. The evidence is also undisputed that Wingate, as general manager, frequently, with the knowledge and consent of the corporation, borrowed money in its behalf. The trial court found that Wingate was authorized by the corporation to execute the mortgage and rendered judgment in favor of the defendant. In our opinion under the authorities cited, the evidence is sufficient to sustain the finding and judgment.

The minute book of the corporation was not produced at the trial. C. S. Wingate, who was secretary and general manager of the corporation, was permitted to testify over plaintiff's objection to the passage of the resolution above mentioned. The evidence was objected to on the ground that the minutes constituted the best evidence and that no sufficient foundation was laid for the introduction of secondary evidence. The defendant established that the book containing the minutes was lost. Mr. Wingate testified that he made thorough search for the book at his office and other places. He also testified that the book was given to Mr. Andrews to be used as evidence in the trial of another case and that he has not seen the book since that time. He also testified that he made search for the book at Mr. Andrews' office, but was unable to locate it and that he did not know and had no means of knowing where it was. We think defendant established a sufficient foundation for the introduction of the evidence complained of, and there was therefore no error in overruling plaintiff's objection thereto.

Plaintiff further contends that the mortgage was not executed and attested as provided by section 7655, C. O. S. 1921, and that for this reason it was not entitled to record and did not therefore operate as constructive notice to the creditors of the corporation. The mortgage was acknowledged by Wingate for and on behalf of the corporation as its general manager. If this acknowledgment is valid, the mortgage was properly filed for record and imparted notice to plaintiff. Our attention is called to no statute or authority holding the acknowledgment void. Sections 5260, 5285, 5286 and 5287, C. O. S. 1921, provide the manner in which corporations shall execute and acknowledge instruments affecting real estate, but our attention is called to no statute providing the manner in which instruments of a corporation relating to personal property shall be acknowledged. The Supreme Court of Iowa, in the case of Sowden & Co. v. Craig, 23 Iowa, 156, held that a chattel mortgagor acknowledged by the agent of the mortgagor was entitled to record and constituted constructive notice to third parties. The court said:

"It was the agent who executed the instrument, and, assuming his authority (which Burris afterward recognized, by signing the instrument himself), if it was his (the agent's) voluntary act and deed, as he acknowledged it to be, then in law it was the voluntary act and deed of his principal. See, on this point, Fulweiler v. Baugher, 15 Serg. & R. 47, 54, 55: citing Combe's Case, 9 Coke's Rep. 76, 77."

In 1 R. C. L. 266, the following rule is announced:

"In the absence of any statute relating to the authentication of instruments executed by corporations, the representative of a corporation who has authority to execute an instrument in its behalf is the proper person to acknowledge such instrument."

Since the evidence and finding of the trial court establishes that Wingate was authorized to execute the mortgage on behalf of the corporation, we think, in the absence of

134

a statute to the contrary, he was also authorized to acknowledge the mortgage, and, that having acknowledged it as general manager for the corporation, it was entitled to be filed for record and operated as constructive notice to plaintiff. This being true, the judgment of the trial court is correct and is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) 5 R. C. L. 413; R. C. L. Perm. Supp. p. 1384; R. C. L. Pocket Part, title "Chattel Mortgages," § 40; 7 R. C. L. Perm. Supp. p. 2047; (2) annotation in 66 A. L. R. 1329; 10 R. C. L. 906; R. C. L. Perm. Supp. p. 2779.