## BRANSTETTER v. EXCHANGE NAT. BANK OF TULSA.

No. 27162.    Dec. 8, 1936.

F. V. Westhafer, for plaintiff in error.

Jos. L. Hull, Chas. E. Bush, and Jas. E. Bush, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Tulsa county. The action was instituted by the Exchange National Bank of Tulsa, Okla., as plaintiff, against Ray Branstetter, as defendant, and in this opinion the parties will be referred to in the same order as they appeared in the trial court.

The petition of the plaintiff alleged that it was a national banking institution and engaged in the banking business in Tulsa, Okla., and that on April 19, 1933, the defendant for a good and valuable consideration executed and delivered to the plaintiff his promissory note in the sum of $2,000, and attached a copy thereof to the petition, and alleged that the same was past due and that payment had been refused thereon, and prayed judgment for the amount of the note, together with interest and attorney fees as therein provided. A copy of the note attached to the petition discloses that it was a collateral note secured by ten shares of stock of the Exchange National Bank of Skiatook. The answer of the defendant admitted that the plaintiff was a banking corporation and engaged in business as alleged in the petition, and also admitted the execution and delivery of the note, but alleged that said note was without consideration, and that it was a renewal note, and that it as well as the preceding notes had been executed in furtherance of an illegal scheme whereby the plaintiff sought to acquire certain stock in the Exchange National Bank of Skiatook in violation of the national and state banking laws, and prayed the cancellation of the note, and that it take nothing by its petition. The reply and amended reply of the plaintiff were general denials coupled with a plea of estoppel. Plaintiff thereupon moved for judgment on the pleadings, which motion was overruled and denied. The cause thereafter came on for trial before a jury. The court ruled that the burden of proof was upon the defendant under the issues presented, and counsel for defendant made an opening statement to the jury wherein in substance he set forth the defendant's theory and alleged that the proof would show that the note did not represent a loan, but an illegal and void transaction whereby the plaintiff would acquire certain shares of stock of a competing banking corporation. On admission by defendant's counsel that the defendant had received the $2,000 represented by the note at the time of its execution, the trial court sustained the plaintiff's motion for peremptory instruction and directed verdict on the opening statement of defendant's counsel and a directed verdict was returned in favor of the plaintiff. The defendant appeals from the judgment rendered on the verdict and

the order overruling his motion for new trial. The latter was unnecessary. Miller v. A & B Furniture Co., 173 Okla. 319, 48 P. (2d) 1032. Defendant assigns ten specifications of error in this court and discusses them under two propositions which may be further reduced to a single one, that is, whether the trial court erred in directing a verdict on the opening statement of counsel.

A request for peremptory instruction upon the opening statement of counsel should be denied unless such opening statement contains distinct and unequivocal admissions which would bar recovery by the party in whose behalf such statement is made. Sullivan v. Williamson, 21 Okla. 844, 98 P. 1001; King v. Lane, 66 Okla. 304, 169 P. 901, L. R. A. 1918C, 351; White v. Kimerer, 83 Okla. 9, 200 P. 430; McMurrough v. Alberty, 90 Okla. 4, 215 P. 193; Eastman Nat. Bank v. Hertzler, 100 Okla. 182, 229 P. 249; Simmons v. Harris, 108 Okla. 189, 235 P. 508.

The opening statement of counsel for defendant contained no such unequivocal admissions, but on the contrary stated that the proof of defendant would be directed to show that the transaction was illegal in its inception and had not been entered into for the purpose of creating the relationship of creditor and debtor but to enable the plaintiff to acquire certain banking stock, and that the transaction was merely a subterfuge to evade the statutes and to enable the plaintiff to do indirectly that which it was prohibited from doing directly. The defendant was entitled to submit his proof in support of these contentions and as set forth in the opening statement of counsel. That the consideration for a contract was illegal or that the contract was made in furtherance of an object forbidden by statute, the common law or the general policy of the law is always open to inquiry and parol evidence is admissible for the purpose of showing such situation. Howard v. Farrar, 28 Okla. 490, 114 P. 695. If it is established as a fact that a transaction was illegal and void in its inception, then the fact of performance thereunder will not operate as an estoppel to a party asserting the original vice inherent in the transaction. McLean v. Oklahoma Cotton Growers Ass'n, 125 Okla. 264, 258 P. 269.

On account of error in directing a verdict, the cause must be reversed for a new trial.

Reversed and remanded for a new trial.

McNEILL, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and BAYLESS, J., absent.