## A. J. McMAHAN & CO. v. HIBBARD.

No. 27577.     Oct. 5, 1937.

Rehearing Denied March 8, 1938.

Clyde L. Andrews and Thos. G. Andrews, for plaintiff in error.

Brown Moore, J. Berry King, and George J. Fagin, for defendant in error.

GIBSON, J. This action was commenced in the district court of Oklahoma county by defendant in error, F. I. Hibbard, against the plaintiff in error, A. J. McMahan & Company, a corporation, and its president, A. J. McMahan, to recover damages for fraud and deceit practiced by their alleged agent, one J. T. Jones, upon the defendant in error in a transaction involving an exchange of certain corporate securities for building and loan stock belonging to defendant in error. Judgment upon the verdict was rendered in favor of defendant in error and against said corporation, and it has appealed. The trial court sustained McMahan's demurrer to the evidence, and he is not a party here. The defendant in error, Hibbard, and plaintiff in error, A. J. McMahan & Company, are hereinafter referred to as plaintiff and defendant, respectively.

That the plaintiff was defrauded by Jones is undisputed. The defendant takes the position, however, that the burden was

upon plaintiff to establish the agency relationship between it and Jones and that the particular transaction was within the scope of the agency. It is urged that plaintiff failed to sustain the burden of proof and that the evidence was insufficient to warrant submission of the issues to the jury in the face of defendant's demurrer to all the evidence and its request for a directed verdict.

Our consideration of the evidence is limited to the question of the sufficiency thereof to support the verdict in favor of plaintiff.

Defendant says that Jones was its special agent with written authority to sell certain warehouse receipts and to accept in payment thereof checks made payable to defendant company, and that Jones had no other authority as agent of defendant, especially no authority to exchange or otherwise dispose of corporate stock. It is urged in this connection that it was incumbent upon plaintiff to ascertain, at his peril, whether Jones' pretended agency was general or special and that he had authority to consummate the particular transaction for his principal. Kindl v. Doss, 167 Okla. 383, 29 P. (2d) 946.

As held in the foregoing case, the burden does ordinarily rest upon the one alleging agency to prove the agency and the extent thereof, but in this case it is not shown that plaintiff knew of or relied upon the written appointment or relied upon the representations made by Jones that he was the general agent of the defendant; he is not attempting to establish an express general agency or express authority in Jones to perform the particular act complained of, but seeks to establish by way of estoppel that an admitted agency relationship existed between defendant and Jones when the transaction in question took place.

The evidence is that A. J. McMahan, president of defendant corporation, in company with Jones, visited plaintiff at his home and proposed an exchange of certain warehouse receipts for plaintiff's building and loan stock. Plaintiff was not interested in the exchange, but stated he would consider a trade for Hearst publications stock. Plaintiff's testimony was that at that time McMahan and Jones represented to plaintiff that Jones was McMahan's agent; that McMahan told plaintiff that they then had no Hurst stock, but if they succeeded in obtaining some later he would have Jones take the matter up with him. Plaintiff had no further communication with McMahan or defendant company until after the transaction complained of was completed.

Some three or four months subsequent to the foregoing meeting, Jones returned to the plaintiff with the information that one of Mr. McMahan's clients had some Hearst stock that could be traded for his building and loan certificates. Plaintiff thereupon assigned his certificates in blank and delivered them to Jones with the understanding that he was later to receive the Hearst stock. Jones gave plaintiff a receipt wherein it was provided that the deal should receive the approval of the defendant company. Jones apparently appropriated the stock to his own use and disappeared, and no delivery of the Hearst stock was ever made to plaintiff.

McMahan's testimony on cross-examination was clearly to the effect that the plaintiff knew at the time of the aforesaid conversation that he and Jones represented the defendant company, and that the plaintiff expressed confidence in McMahan and his company, the defendant.

Aside from the provision contained in the aforesaid receipt to the effect that the transaction was made subject to the approval of defendant company, there is no evidence that plaintiff had notice of any limitation on Jones' alleged authority to consummate the deal.

The question arises: Was the evidence sufficient to support the conclusion that defendant was estopped from denying that Jones at the time of the transaction was its admitted agent, or from denying that he was clothed with apparent authority to perform the particular act complained of?

The plaintiff did not deal with Jones as an admitted agent of defendant or as its agent for the performance of the particular transaction unless the acts of McMahan heretofore and hereafter mentioned made him such agent by way of estoppel, for plaintiff had no notice of other agency powers; he was unaware of the limited agency evidenced by the written appointment heretofore mentioned. If defendant through the statements of its president, McMahan, led the plaintiff to believe that Jones was its

agent, then the plaintiff was entitled to presume that Jones was its general agent with authority to make the exchange in question, in the absence of notice to the contrary, and the burden was upon defendant to show such notice. Continental Supply Co. v. Sinclair Oil & Gas Co., 109 Okla. 178, 235 P. 471. There the court held as follows:

"In the absence of notice to the contrary, a person dealing with an admitted agent may presume that he is the general agent and ·that he is acting· within the scope of his authority, the burden being upon the principal to show notice of any limitation upon the agent's authority."

Defendant denied the authority of A. J. McMahan, its president, to bind it by any act or statement relating to Jones' alleged authority as agent, 'and now contends that the burden was upon plaintiff to show such authority in McMahan, and that the record is silent on that point.

It is true, the president of a corporation is without power to bind it in any m'anner other than in matters arising under the express authority conferred upon him by statute, charter, or by-laws, or the board of directors, or in matters arising by implication from the express powers granted, or from usage or custom, or from the n'ature of the company's business (Quaker Oil & Gas Co. v. Jane Oil & Gas Co., 63 Okla. 234, 164 P. 671; Oklahoma City General Hospital v. Weathers, 147 Okla. 25, 294 P. 98; 14A C. J. 93, section 1858) ; and it is the duty of one de'aling with an officer or agent of a corporation to inquire into the nature and extent of the powers presumed to be exercised by such officer or agent. 14A C. J. 351, section 2213. This does not mean, however, that a corporation may not be estopped to deny the apparent authority of one who presumes to 'act as its agent. The doctrine of estoppel applies as well to 'a corporation as to an individual. The rule is stated in 14A C. J. 368, as follows:

"It is a general rule that where a corporation by 'any acts or conduct knowingly causes or permits a person to act as its agent either generally or for a particular purpose, or a particular officer or agent to 'act in excess of his actual authority, it will be estopped to deny such agency or authority to the injury of a third person who, in good faith and in the exercise of reasonable prudence, deals with such officer or agent on the faith of such appearances. * * *"

See, also, Jack v. Wichita National Bank, 17 Okla. 430, 89 P. 219; Sapulpa Co. v. State, 64 Okla. 68, 166 P. 119.

It is not always necessary that the president of a corporation have express authority from the board of directors in order to bind the corporation in transactions made as its agent or officer. Oklahoma City General Hospital v. We'athers, supra. There the court said:

"The 'authority of the president of a corporation to make a contract need not necessarily be an express one from the board of directors, but it may be implied from the circumstances."

In the instant case the testimony of A. J. McMahan, produced on behalf of defendant company, clearly· shows that he was in the habit of acting for defendant in the matter of appointment of agents 'and that he was in control of the general management of such matters. He referred to himself and to the defendant company as one and the s'ame entity many times; all his testimony showing that it was the general custom, at least, of the company to allow him to exercise such authority. Plaintiff was entitled to rely upon his apparent authority. The m'atter of appointment of agents was apparently informally entrusted to McMahan. His actions as· testified to by plaintiff and by himself would so indicate to any person of ordin'ary prudence. The circumstances surrounding the transaction in the instant case as shown by the evidence are of that character which entitle one to presume that authority w'as vested in the officer to bind the corporation. By reason of the usual course and conduct of defendant's business with reference to the activities of Mr. McMahan, the plaintiff was entitled to presume that McMah'an was authorized by the company to employ Jones and to present him as the company's admitted agent.

It is clear that the defendant comp'any knew of Mr. McMahan's activities relating to agents and the conduct of its business, and raised no objection thereto. It is deemed to have acquiesced in this exercise of authority 'and is thereby estopped to deny the same where, as in plaintiff's case, an innocent party is misled to his detriment. Under such circumstances, as stated in 14A C. J., 370, "the corporation will be estopped on the ground of acquiescence to deny the existence of authority in a par-

ticular officer to do a certain act where it has knowledge, or is chargeable with knowledge, that he is exercising such authority, and does not promptly object thereto, or to deny that a general officer has the power which it customarily allows him to exercise."

. The evidence was sufficient to support the finding that defendant was estopped to deny that Jones was its admitted agent.

Referring again to the rule stated in Continental Supply Co. v. Sinclair Oil & Gas Co., supra, the burden was upon defendant to show that the plaintiff had notice of any limitation upon the authority of Jones as its admitted agent. There is no evidence of such notice. Plaintiff was therefore entitled to deal with Jones as defendant's general agent with authority to accept on behalf of defendant the building and loan certificates upon the promise of delivery to plaintiff of the Hearst publication stock.

The contention of defendant that the provision in the aforesaid receipt, whereby the deal was made subject to defendant's approval, was sufficient to charge plaintiff with notice of the limitations on Jones' authority is without merit.

Defendant objects to instruction No. 6 on the ground that the jury was told that the evidence as to Jones' agency was disputed. Defendant apparently takes the position that Jones' only authority was that contained in his written appointment. The question was whether McMahan for defendant had held Jones out as its general or admitted agent. On that question the evidence was disputed. From that standpoint we find no fault with the instruction.

Objection is also taken to instruction No. 7. There the trial court assumed the fact to be that McMahan was authorized by defendant to employ Jones as its agent. This fact was placed in issue by the pleadings, but the testimony of defendant's own witness, McMahan, clearly, and without contradiction or explanation, established the allegation of estoppel against defendant to deny McMahan's authority to employ agents such as Jones. A contrary verdict, had the issue been submitted to the jury, would have been unsupported by any evidence. The court was, therefore, correct in assuming that McMahan was authorized by de-fendant to hold Jones out to plaintiff as its agent.

Complaint is made of certain testimony admitted by the court over defendant's objection. While argument is advanced in support of this assignment, it is unaccompanied by citation of supporting authority. The argument alone, without further research on our part, is not sufficiently convincing to overcome the usual presumption favoring the correctness of the trial court's ruling on such matters. The record discloses no prejudicial error in this regard sufficient to warrant reversal of the cause. Allen v. First National Bank & Trust Co., 179 Okla. 631, 67 P. (2d) 2. In that case we held:

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court."

And further:

"Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail."

It has always been the policy of this court to pass such assignments without discussion of the merits, and to take no further note thereof, unless it becomes apparent without further research on its part that the assignment is well taken. Satterwhite v. Magnolia Petroleum Co., 175 Okla. 35, 51 P. (2d) 959.

The judgment of the trial court is affirmed.

BAYLESS. V. C. J., and PHELPS, CORN, and DAVISON, JJ., concur.