## BRANSTETTER v. EXCHANGE NAT. BANK OF TULSA.

No. 28658.   April 4, 1939.

Rehearing Denied May 16, 1939.

F. V. Westhafer, for plaintiff in error.

Jos. L. Hull, Chas. E. Bush, and Jas. E. Bush, for defendant in error.

GIBSON, J. This action was instituted in the district court of Tulsa county by defendant in error, a national banking institution, against plaintiff in error to recover on a promissory note. The parties will be referred to in the order of their appearance at the trial.

Defendant alleged that the note did not represent a loan of money, but arose out of a transaction whereby the plaintiff purchased from him certain stock of another banking institution in violation of law, and was void. In this connection it is charged that the note was given for the amount of the purchase price paid for the stock merely to conceal the fact of actual sale thereof.

The principal issue was whether the note was given to conceal the alleged illegal transaction, or as evidence of a loan of money.

Judgment was rendered for plaintiff on the jury's verdict.

The errors assigned concern the admission and rejection of certain testimony; and the sufficiency of the evidence is questioned.

On a former appeal of this case (178 Okla. 343, 62 P.2d 1210) a judgment for plaintiff was reversed and the cause remanded for the purpose of affording defendant an opportunity to sustain his allegations with reference to the alleged illegal contract of purchase.

It is now conceded that as a matter of the law of the case if the transaction was in fact a contract for the purchase of defendant's stock by the plaintiff, the same was illegal and void, and plaintiff could not maintain an action thereon.

The promissory note is presumed to be a valid and binding obligation for the payment of money, and defendant properly assumed the burden of proof to show that the note was in fact a part of an arrangement or contract entered into for the purpose of defeating the law.

But such an illegal agreement must be established as any other contract is established in law before the parties thereto may be adversely affected thereby. If consummated through the medium of agency, the agent's authority to execute an unlawful contract for his principal, though the general agency be known to the other party, will not be presumed, because unlawful purpose is never presumed. That is to say, the authority of an agent to execute an unlawful contract in behalf of his principal does not come within the rule stated in A. J. McMahan & Co. v. Hibbard, 182 Okla. 503, 78 P.2d 409, to the effect that one dealing with an admitted agent may presume that he is a general agent acting within the scope of his authority.

Here defendant relied upon an alleged unlawful agreement entered into by him with a director and later executed by an assistant cashier of the plaintiff bank, and has asked the court to leave the parties where it found them, without remedy. 13 C. J. 492, sec. 440. The managing officers of a corporation derive their authority from the board of directors acting within the scope of the corporate by-laws and the statutes. 14A C. J. 366, sec. 2226. It was incumbent upon defendant to show by proper evidence that said board had either authorized the alleged unlawful agreement or had ratified the same in some manner that would work an estoppel. Assuming that the evidence, without contradiction, established the agreement with the aforesaid officers, the defendant was compelled to go further with his proof to show that the directors of the bank had sanctioned the agreement. This he failed to do. Where, as here, the officer's contract appears on its face to be beyond the powers not only of the officer but of the corporation itself, no presumption can arise favoring its sanction by the board of directors. See 14A C. J. 399-401, sec. 2251.

The note here sued upon was apparently a valid contract. The courts will not deny a corporation its remedy upon such a contract on a plea by defendant that the same was entered into by the corporation's managing officers in furtherance of an unlawful design, where it is not shown that the board of directors sanctioned the unlawful purpose.

The evidence rejected and received allegedly through error bore no relation to the question whether the board of directors sanctioned the unlawful agreement. In view of

our conclusion as stated above, the evidence in question was immaterial, and the court committed no error. Defendant merely failed to support his plea in bar by any evidence, leaving plaintiff with a prima facie case upon the note. The verdict was correct.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and CORN, JJ., concur.